IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO SALDANA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:18-cv-00126 |
| | § | |
| RALLY MFG., INC. AND | § | |
| WAL-MART INC. | § | |

**DEFENDANT WAL-MART, INC.'S  FIRST AMENDED ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT, WAL-MART, INC. and would respectfully show unto the Court the following:

**A.    DISCOVERY CONTROL PLAN**

1.    With respect to Paragraph 1 of Plaintiff's Original Petition, Defendant denies this paragraph noting that discovery must be conducted under the Federal Rules of Civil Procedure and the Scheduling Order agreed to by the parties and executed by this Court.

**B.    CLAIM FOR RELIEF**

2.    With regard to Paragraph 2 of Plaintiff's Original Petition, Defendant denies any recovery is authorized under the law or the evidence of this case.

**C.    PARTIES**

3.    With regard to Paragraph 3 of Plaintiff's Original Petition, Defendant answers that this paragraph is not directed towards it and it can neither admit nor deny this paragraph.

1

4.      With regard to Paragraph 4 of Plaintiff's Original Petition, Defendant answers that this paragraph is not directed towards it and it can neither admit nor deny this paragraph.

**D.     JURISDICTION**

5.      With regard to Paragraph 5 of Plaintiff's Original Petition, Defendant answers that the first section of this paragraph is not directed towards it and it can neither admit nor deny this paragraph except to say that Defendant Rally Mfg, Inc. is not a resident of the state of Texas. Defendant further admits that Wal-Mart is a Delaware corporation authorized to conduct business in the State of Texas with its principal place of business in the State of Arkansas.

**E.     VENUE**

6.      With regard to Paragraph 6 of Plaintiff's Original Petition, Defendant denies that the state court has jurisdiction over any of these Defendants as jurisdiction properly lies in the federal court under diversity.

7.      With regard to Paragraph 7 of Plaintiff's Original Petition, Defendant denies that venue is proper in Cameron County, as the case has been removed to federal under diversity.

**F.     FACTS**

8.      With regard to Paragraph 8 of Plaintiff's Original Petition, Defendant admits that Plaintiff purchased a wiper blade from Wal-Mart on June 27, 2016. Defendant denies the remaining allegations contained in the paragraph.

9.      With regard to Paragraph 9 of Plaintiff's Original Petition, Defendant denies the allegations contained therein in their entirety.

10.     With regard to Paragraph 10 of Plaintiff's Original Petition, Defendant denies any recovery is authorized under the law or the evidence of this case.

11.     In the unlikely event that this case is not dismissed, Defendant joins Plaintiff requesting a jury trial as requested in Paragraph 11 of Plaintiff's Original Petition.

12.     With respect to Paragraph 12 of Plaintiff's Original Petition, Defendant denies this paragraph noting that discovery must be conducted under the Federal Rules of Civil Procedure and the Scheduling Order agreed to by the parties and executed by this Court.

13.     In the unlikely event that this case is not dismissed, Defendant joins in Plaintiff's objection to this case being referred to an associate judge for trial on the merits or presiding at a jury trial as requested in Paragraph 13 of Plaintiff's Original Petition.

## G.    AFFIRMATIVE DEFENSES

14.     For further answer herein, if such be necessary, Defendant alleges that the acts of Plaintiff,  in failing to use ordinary care for his safety, was fifty-one (51%) percent of the cause of the alleged injuries, if any, or, in the alternative, that he was the sole cause.

15.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence of Plaintiff, in that he failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue.  Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

16.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that in accordance with Texas Civil Practice and Remedies Code §33.013, a defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of that defendant's responsibility, when compared with that of each responsible party, settling party and each responsible third party is greater than fifty percent (50%).  Accordingly, Defendant specifically denies any claims for the imposition of joint and several liability against it.

17.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that its case is governed by the 1995 Tort Reform Amendments and 2003's HB4. As a consequence:

    a.     Plaintiff may not recover any amount of damages if their percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled. Tex. Civ. Prac. & Rem. Code §33.001.

    b.     Plaintiff may not be awarded exemplary damages unless he establishes by clear and convincing evidence that Defendant acted with malice, which Defendant denies. See Tex. Civ. Prac. & Rem. Code §41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendant denies.

    c.     In the unlikely event of any exemplary damage award, Defendant further invokes the provisions of Texas Civil Practice & Remedies Code §41.008 limiting any award of exemplary damages to either $200,000.00 or two times the amount of

"economic damage," as defined by statute, plus an amount equal to any non-economic damages found, by the jury, but not to exceed $750,000.00.

18.    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident.

19.    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant, was the sole proximate cause of the accident in question.

20.    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

21.    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiff or other third parties was the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

22.    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the jury finds that Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

23.     For further answer if such be necessary, and pleading in the alternative, Defendant further relies upon its right in the event the evidence shows any spoliation of evidence by any party.

24.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

25.     For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiff in this cause.

26.     For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies it is liable for prejudgment interest in this cause of action as pled by Plaintiff, in a good faith argument for the modification or reversal of existing law.

27.     Pleading in the alternative, should it be necessary and without waiving the foregoing, Defendant asserts this suit is a "Products Liability Action" as defined by Section 82.001 of the Texas Civil Practices and Remedies Code.  Defendant asserts its rights as an innocent seller under Chapter 82 of the Texas Civil Practices and Remedies code.  If the wiper blade  is shown to be of the model and brand alleged, which Defendant wholly denies, Defendant is required defense and indemnification from its Co-Defendant under the statute, as Plaintiff has alleged that Co-Defendant RALLY, MFG., INC. manufactured a product which was defective, unsafe, and ultimately led to Plaintiff's damages.  Defendant further asserts any and all rights to contractual defense and indemnification from RALLY, MFG., INC.  Accordingly, WALMART INC. formerly known as WAL-MART STORES, INC., WALMART INC. formerly known as WAL-

6

MART STORES, INC., asserts all rights, privileges and remedies afforded or available to it pursuant to the Texas Civil Practices and Remedies Code.

28.    Pleading in the alternative, should it be necessary and without waiving the foregoing, Defendant asserts this suit is a "Products Liability Action" as defined by Section 82.001 of the Texas Civil Practices and Remedies Code. Defendant alleges all available defenses under Chapter 82 of the Texas Civil Practices and Remedies Code. Defendant is not a manufacturer as defined by Section 82.001 and is therefore not liable under any theory alleged by the Plaintiff.

29. Pleading in the alternative, should it be necessary and without waiving the foregoing, Defendant asserts this suit is a "Products Liability Action" as defined by Section 82.001 of the Texas Civil Practices and Remedies Code.  Defendant denies any liability under the provisions of Section 82.003 of the Texas Civil Practices and Remedies Code and further deny that it had any control over the warnings with the product at issue. Defendant states Plaintiff's alleged damages were not caused by any failure to warn on the part of WALMART INC. formerly known as WAL-MART STORES, INC.

## H.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, **WALMART INC. formerly known as WAL-MART STORES, INC**., prays that Plaintiff take nothing by this lawsuit. Further, Defendant respectfully prays that the Court Order that it be allowed to go hence without delay and recover all of its costs and attorneys fees, and such other and further relief, both special and general, at law or in equity, to which Defendant may show itself justly entitled.

Dated:  <u>September 10, 2018</u>.

7

Respectfully submitted,

*/s/ Jaime A. Drabek*
Jaime A. Drabek, Attorney in Charge
State Bar No. 06102410
Fed. ID No. 8643
Email: jdrabek@dawray.com
Ricardo G. Benavides, Attorney of Record
State Bar No. 24031735
Fed. ID No. 32205
Email: rbenavides@dawray.com
DAW & RAY, L.L.P.
3900 N. 10th St., Suite 950
McAllen, Texas 78501
Telephone: (956) 687-3121
Facsimile: (956) 686-3188

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorneys of record on this 10th day of September, 2018:

Plaintiff, Pro se:                                Mr. Pedro Saldana
                                                 1804 E. 10th Street
                                                 Brownsville, Texas 78520


Counsel for Defendant Rally Mfg., Inc.:          Jennifer D. Aufricht, Attorney-In-Charge
                                                 State Bar No. 01429050
                                                 THOMPSON, COE, COUSINS & IRONS, L.L.P.
                                                 700 North Pearl Street, 25th Floor
                                                 Dallas, Texas 75201-2832
                                                 Telephone: (214) 871-8200
                                                 Facsimile: (214) 871-8209
                                                 Email: jaufricht@thompsoncoe.com


                                                 */s/ Jaime A. Drabek*
                                                 Jaime A. Drabek